# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY D. HODGES, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 10-365-RAW-KEW |
| JANET DOWLING, Warden, | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his convictions in Pittsburg County District Court Case No. CF-2004-284 for Trafficking in Illegal Drugs (Methamphetamine) (Count 1); Unlawful Possession of a Controlled Drug With Intent to Distribute (Marijuana) (Count 2); Unlawful Use of a Police Radio (Count 3); Possession of a Firearm While Committing a Felony (Count 4); and Unlawful Use of Video Surveillance Equipment in the Commission of a Felony (Count 5). He sets forth the following grounds for relief:

I. Petitioner was subjected to conflict of interest of defense counsel that denied him state and constitutional rights to due process and fair trial.

II. Conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure in violation of right to due process and fair trial.

III. Conviction was obtained by use of evidence obtained [pursuant] to an unlawful arrest where probable cause was not first established, and is now removed, and was not proven by the State beyond a reasonable doubt.

IV. Petitioner was subjected to double jeopardy and double punishment for the offenses of Unlawful Use of Video Surveillance Equipment, Unlawful Use of a Police Radio, and for Possession of a Firearm While Committing a Felony that did, in turn, prejudice the jury against him and cause an unfair trial.

V. Petitioner presents newly-discovered evidence of Haskell County Case No. CF-2004-92 has been dismissed that was used against him at jury trial that raised prejudice, causing a denial of a fair trial, and all charges require dismissal.

VI. The knowing use of a perjured statement made by prosecution in presenting petitioner as guilty as charged in Haskell County Case No. CF-2004-92, where guilt was never established, as shown herein, proves beyond a doubt petitioner was deprived of a fair trial and prejudiced by the court, the jury, the State, and OCCA, in denial of post-conviction, and shows vindictiveness by all.

VII. Petitioner was denied the right to present witnesses for defense and denied right to cross-examine witness against him that deprived him of his constitutional right to due process and fair trial.

VIII. Bias by the trial judge and perjured testimony knowingly used by prosecution to obtain a conviction denied petitioner the right to a fair trial.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's direct appeal brief.

B. The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's judgment and sentence. *Hodges v. State*, No. F-2008-866 (Okla. Crim. App. June 24, 2009).

D. Petitioner's application for post-conviction relief.

E. Order Denying Application for Post-Conviction Relief. *State v. Hodges*, No. F-2004-284 (Okla. Crim. App. June 30, 2010).

F. Order Affirming Denial of Post-Conviction Relief. *Hodges v. State*, No. PC-2010-618 (Okla. Crim. App. Aug. 26, 2010).

G. Order Remanding for Dismissal of Charges and Addressing Petitioner's Claim of Denial of Access to the Courts, *Hodges v. State*, No. PR-2008-1138 (Okla. Crim. App. Dec. 14, 2009).

H. Transcripts of proceedings.

I. Original Record.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Grounds I, II, III, V, VI, and VIII**

The respondent alleges that petitioner's claims in Grounds II, III, V, VI, and VIII are procedurally barred, because the claims could have been raised on direct appeal, but were instead raised for the first time in his post-conviction proceedings. The respondent further asserts the petition did not raise any habeas grounds for relief numbered I, IV, or VII (Docket No. 8 at 5 n.1). The record, however, clearly shows he has raised those claims in this action (Docket No. 1 at 5-6, 10-11, and 15-16).

Petitioner raised habeas Grounds I through VII in his application for post-conviction relief, but he states in his petition that Ground VIII has not been presented to the state courts. In its Order Affirming Denial of Application for Post-Conviction Relief, the Oklahoma Court of Criminal Appeals (OCCA) found as follows:

> Petitioner has failed to establish entitlement to any relief in post-conviction proceedings. With the exception of a claim that he has presented newly discovered evidence, Petitioner has not raised any issue that either was not or could not have been asserted during his trial or direct appeal. All issues which were raised and decided on direct appeal are barred from further consideration by *res judicata*, and all issues which could have been previously raised but were not are waived. Okla. Stat. tit. 22, § 1086; *Davis v. State*, 123 P.3d 243, 244 (Okla. Crim. App. 2001).
>
> Petitioner's newly discovered evidence is the fact his judgment and sentence in Haskell County District Court Case No. CRF-2004-92 has been vacated and the charges dismissed with prejudice. *Hodges v. State, et al.*, No. PR-2008-1138 (Okla. Crim. App. Dec. 14, 2009). Petitioner notes that the

3

> facts of the Haskell County case were central to the chain of events leading to the discovery and prosecution of Petitioner's crimes in this case. *Hodges v. State,* No. F-2008-866 (Okla. Crim. App. June 24, 2009) (unpublished). Petitioner basically contends that, without the Haskell County judgment and sentence, the results of his trial in this case would have been different. However, Petitioner's judgment and sentence in the Haskell County case was documentation of his guilty plea. *Hodges, supra,* No. F-2008-1138. The facts of the Haskell County case have not been dispelled, or even disputed. Those facts were and still are sufficient to support the chain of events in this case, and the results of Petitioner's trial would not have been different. *Sheppard v. State,* 731 P.2d 989, 990 (Okla. Crim. App. 1987). . . .

*Hodges,* No. PC-2010-618, slip op. at 1-2.

"[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, . . . a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy,* 455 U.S. 509, 522 (1982). Dismissal of the petition to allow petitioner to exhaust any unexhausted claims would be futile, however, because the Oklahoma Court of Criminal Appeals would hold that unexhausted claims are procedurally barred. Therefore, any unexhausted claims are deemed to be exhausted, but procedurally barred, for purposes of habeas corpus review. *See Coleman v. Thompson,* 501 U.S. 722, 732 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman,* 501 U.S. at 750. The Tenth Circuit has acknowledged Oklahoma's consistent application of the "waiver" rule in appellate proceedings and that the OCCA's procedural bar rests on an adequate and an independent state ground. *Steele v. Young,* 11 F.3d 1518, 1522 (10th Cir. 1993).

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.,* 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement,

4

a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)).

Petitioner alleges the "cause" for his default in Grounds I, II, III, V, VI, and VIII is that his October 2004 trial in Pittsburg County District Court Case No. CF-2004-284 was tainted by the introduction of evidence about his pending drug charges in Haskell County District Court Case No. CF-2004-92. According to website for The Oklahoma State Court Network at www.oscn.net, petitioner entered a guilty plea in the Haskell County case in October 2005. After his conviction in No. CF-2004-284 was affirmed on appeal on June 24, 2009, however, the Judgment and Sentence in the Haskell County case was vacated, because he never had entered a formal guilty plea. *Hodges v. State*, No. PR-2008-1138, slip op. at 6 (Okla. Crim. App. Dec. 14, 2009). This issue was addressed in petitioner's post-conviction appeal:

> Petitioner's newly-discovered evidence is the fact his judgment and sentence in Haskell County District Court Case No. CRF-2004-92 has been vacated and the charges dismissed with prejudice. *Hodges v. State, et al.*, No. PR-2008-1138 (Okla. Crim. App. Dec. 14, 2009). Petitioner notes that the facts of the Haskell County case were central to the chain of events leading to the discovery and prosecution of Petitioner's crimes in this case. *Hodges v. State*, No. F-2008-866 (Okla. Crim. App. June 24, 2009) (unpublished). Petitioner basically contends that, without the Haskell County judgment and sentence, the results of his trial in this case would have been different. However, Petitioner's judgment and sentence in the Haskell County case was vacated based upon procedural problems relating to the entry and documentation of his guilty plea. *Hodges, supra*, No. PR-2008-1138. The facts of the Haskell County case have not been dispelled, or even disputed. Those facts were and still are sufficient to support the chain of events in this case, and the results of Petitioner's trial would not have been different. *Sheppard v. State*, 731 P.2d 989, 990 (Okla. Crim. App. 1987). Therefore, the

5

order of the District Court of Pittsburg County denying Petitioner's application for post-conviction relief in Case No. F-2004-284 should be, and is hereby, AFFIRMED.

*Hodges v. State*, No. PC-2010-618, slip op. at 2-3 (Okla. Crim. App. Aug. 26, 2010) (emphasis in original).

After careful review, this court finds the OCCA was correct in finding that vacation of the judgment and sentence in the Haskell County case would not have affected the result in the Pittsburg County case, and those claims in petitioner's post-conviction application were waived. The court further finds petitioner has failed to show cause and prejudice, because the facts of the Haskell County case were not disproved. Instead, the judgment and sentence in that case was vacated on procedural grounds. Because petitioner has not made a colorable showing of factual innocence, relief cannot be granted. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). Therefore, Grounds I, II, III, V, VI, and VIII are procedurally barred from habeas review.

## Grounds IV and VII

Petitioner alleges in Ground IV that he was subjected to double jeopardy and double punishment for the offenses of Unlawful Use of Video Surveillance Equipment, Unlawful Use of a Police Radio, and Possession of a Firearm While Committing a Felony. In addition, the jury allegedly was prejudiced against him, because of a "conflict of interest" by trial and appellate counsel. Petitioner asserts the "conflict" resulted from counsel's failure to argue that the Haskell county charges were merely pending at the time of the Pittsburg County trial, and a plea had not yet been entered. The OCCA found this claim was procedurally barred.

"There is a strong presumption that counsel provided effective assistance of counsel, and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). To prevail on his claim of ineffective assistance of counsel, petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and (2)

6

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. After careful review, the court finds petitioner has failed to demonstrate cause and prejudice for his failure to exhaust this claim, and he has not shown that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Therefore, this claim is procedurally barred from habeas relief.

Petitioner alleges in Ground VII that he was denied his right to present witnesses and to cross-examine the prosecution's witnesses, because trial counsel did not locate and subpoena certain defense witnesses. In addition, petitioner's codefendant Jerry Cryner asserted his Fifth Amendment privilege when defense counsel attempted to examine him. In his direct appeal, petitioner raised an ineffective assistance of counsel claim based on the denial of defense counsel's motion for continuance on the day of trial, and counsel's failure to bond petitioner from jail to assist in locating witnesses. (Docket No. 8-2 at 8-9). Therefore, this portion of Ground VII was exhausted. The allegation of ineffective assistance of trial counsel regarding Cryner's exercise of his Fifth Amendment privilege was not raised in the state courts, so it is unexhausted.

On direct appeal the OCCA "reviewed counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and [found petitioner had] failed to show that counsel's performance was deficient, and that his defense was prejudiced by counsel's conduct." *Hodges*, No. F-2008-866, slip op. at 3 (citing *Bland v. State*, 4 P.3d 702, 730-731 (Okla. Crim. App. 2000)). Plaintiff again raised the issue in his post-conviction application (Docket No. 8-4 at 34), but the OCCA found it had been defaulted. *Hodges*, No. PC-2010-619, slip op. at 2.

Petitioner alleged in his direct appeal that on the day of trial, defense counsel asked for a continuance, because petitioner had been unable to assist in locating witnesses. The record shows that before the jury was called, defense counsel told the court that petitioner had been arrested for public intoxication after attempting to locate a trial witness (Tr. I 7).

7

Counsel learned on Friday, October 8, 2004, that petitioner was in jail. *Id.* With the trial set to commence the following Tuesday, counsel contacted the prosecutor's office on October 8 and attempted to have a bond set, so petitioner could help counsel locate defense witnesses. *Id.* No bond was set, and counsel argued to the court that these circumstances warranted a continuance, but the motion was denied. *Id.* at 8-10. Defense Witness Jerry Cryner testified on the second day of trial (Tr. II 102-117).

Here, the court finds petitioner has not shown that counsel was ineffective under *Strickland*. Therefore, the decision by the OCCA on the exhausted part of this claim was not contrary to, or an unreasonable application of, federal law. Furthermore, the OCCA's decision on this issue was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Therefore, petitioner's claim regarding the unlocated witnesses is meritless. To the extent this ground for relief includes an unexhausted claim regarding a witness that was expected to exercise his Fifth Amendment rights, the court finds petitioner has failed to meet the cause and prejudice requirements of *Coleman*.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

DATED this 10th day of February 2014.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE